## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

PETER GARCIA,                    )
                                 )
            Plaintiff,           )
                                 )
v.                               )        Docket No. 1:18-cv-00019-NT
                                 )
MAINEGENERAL HEALTH,             )
                                 )
            Defendant.           )

## ORDER GRANTING MOTION TO RECONSIDER

On March 26, 2018, Defendant MaineGeneral Health ("**MaineGeneral**") filed

a motion to compel arbitration on Plaintiff Peter Garcia's Complaint that alleges

employment discrimination. After considering complete briefing on the Defendant's

motion, including a sur-reply by the pro se Plaintiff, I granted the motion to compel

arbitration and dismissed the case. The Plaintiff moved for reconsideration. Pl.'s Mot.

(ECF No. 23). I have reviewed the Plaintiff's motion, the Plaintiff's supplemental

submission (ECF No. 24), the Defendant's opposition (ECF No. 25), and the Plaintiff's

reply. (ECF No. 26.)

The First Circuit has explained what a party seeking reconsideration must

show.

> Generally, to prevail on a Rule 59(e) motion, the moving party "must
> either clearly establish a manifest error of law or must present newly
> discovered evidence." *F.D.I.C. v. World Univ. Inc.,* 978 F.2d 10, 16 (1st
> Cir. 1992); *see also Marie v. Allied Home Mortg. Corp.,* 402 F.3d 1, 7 n.2
> (1st Cir. 2005) (acknowledging four grounds for granting a Rule
> 59(e) motion: "manifest errors of law or fact, newly discovered or
> previously unavailable evidence, manifest injustice, and an intervening
> change in controlling law") (citing 11 C. Wright et al., *Federal Practice
> and Procedure* § 2810.1 (2d ed. 1995)). Notably, a party moving for Rule

> 59(e) relief may not repeat arguments previously made during summary judgment, *Prescott v. Higgins,* 538 F.3d 32, 45 (1st Cir. 2008), nor may it present new arguments on a Rule 59(e) if such arguments "could, and should, have been made before judgment issued." *ACA Fin. Guar. Corp. v. Advest, Inc.,* 512 F.3d 46, 55 (1st Cir. 2008) (quoting *F.D.I.C.,* 978 F.2d at 16).

*Markel Am. Ins. Co. v. Diaz–Santiago*, 674 F.3d 21, 32 (1st Cir. 2012).

The Plaintiff's reconsideration request consists of new arguments that could have been made before judgment issued and arguments previously raised and rejected. In the new arguments category, the Plaintiff contends that:

- there was no meeting of the minds;

- performance was impossible;

- the Defendant failed to provide notice of a breach and opportunity to remedy the breach;

- there was ambiguity in the arbitration clause;

- there was mutual mistake as to the Plaintiff's ability to receive a medical license;

- he is the victim of fraudulent misrepresentations; and

- he has a duress defense.

As "Rule 59(e) motions are aimed at *re* consideration, not initial consideration," these arguments are waived, and I do not consider them. *See Markel*, 674 F.3d at 33 (quotation marks omitted). In the "arguments previously raised and rejected" category, the Plaintiff contends that:

- communications between the Defendant and the state Board of Medicine violated Board policy;

- the Defendant presented the Plaintiff with a "take it or leave it" offer;

- there was no bargained-for consideration;

- the contract was an adhesion contract;

- the contract was unconscionable;

- the Defendant failed to act in good faith;

- the Defendant's actions were the result of unlawful paternalism under the ADA; and

- the Plaintiff never began employment at MaineGeneral, and therefore the contract never came into effect.

The Plaintiff has not presented any newly discovered or previously unavailable evidence or a change in controlling law, which might allow him a second bite at apple on these previously considered claims.[1] Nor do the Plaintiff's arguments reveal any manifest errors of law or fact[2] or establish manifest injustice. The Plaintiff, therefore, is not entitled to relief. *See id.*

---

[1]    The Plaintiff includes various documents as attachments to his reconsideration briefing but does not explain why those documents were previously unavailable to him to submit with his initial briefing. *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 535 (5th Cir. 2015). *Cf. Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19-20 (1st Cir. 2002) (Under Rule 60, "a party who seeks relief from a judgment based on newly discovered evidence must, at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings.").

[2]    I pause only to address the Plaintiff's argument that I overlooked the Offer of Employment (the "**Offer**") that MaineGeneral sent to him, which the Plaintiff claims contained numerous "[p]re-employment activities . . . [that] should be considered conditions precedent" to the formation of a contract and prevent enforcement of the Agreement's arbitration clause. Pl.'s Mot. 4. The Offer is a separate document that predates the Agreement. The Agreement contains an integration clause, which states that it "sets forth the entire agreement between the parties hereto" and "supersedes all prior agreements between the parties pertaining to the subject matter hereof." Agreement 13 (ECF No. 10-1); *see* Restatement (Second) of Contracts § 213 (1981) ("A binding completely integrated agreement discharges prior agreements to the extent that they are within its scope."). The Agreement's integration clause is fatal to the Plaintiff's argument that the Offer imposed additional conditions precedent. *See Farley Inv. Co. v. Webb*, 617 A.2d 1008, 1010 (Me. 1992).

I **GRANT** the Plaintiff's motion for reconsideration. Having fully considered all arguments raised in the Plaintiff's various submissions, I **DENY** any relief from my November 20, 2018 Order.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 29th day of March, 2019.